UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECELIA MOSHER-CLARK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GRAVITY DEFYER MEDICAL TECHNOLOGY CORPORATION,<br><br>　　　　Defendant. | Case No. 22-cv-05288-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 31 |

This putative class action lawsuit alleges that Defendant Gravity Defyer Medical Technology Corporation ("Defendant" or "Gravity Defyer") deceives consumers into purchasing shoes that do not provide the advertised clinically proven pain relief. Dkt. No. 30 ("FAC"). Before the Court is Defendant's motion to dismiss, which is fully briefed. Dkt. Nos. 31 ("Mot."), 32 ("Opp."), 33 ("Reply"). The Court finds this matter appropriate for disposition without oral argument, *see* Civil 7-1(b), and **GRANTS IN PART** and **DENIES IN PART** the motion.

## I.  BACKGROUND

The following allegations are drawn from the FAC. Defendant is a designer and manufacturer of shoes worn to relieve knee, ankle, foot, and back pain using "VersoShock" technology. FAC ¶¶ 1,7. Defendant commissioned a study by the Olive View-UCLA Medical Center (the "UCLA Study") to conduct a clinical evaluation of its shoes. FAC ¶¶ 2, 11, n.4. The UCLA Study was a double-blind study which Defendant used to advertise that its shoes were "clinically shown to relieve knee pain" by 85%, along with back pain by 91%, ankle pain by 92%, and foot pain by 75%. FAC ¶ 11. Based on advertisements citing the UCLA study, the FTC sued Defendant in May 2022, alleging "misrepresentations through user testimonials or about tests, studies, or research." FAC ¶ 3 n.2 (citing *Fed. Trade Commn. v. Gravity Defyer Med. Tech.*

*Corp.*, No. 1:22-cv-01464 (D.D.C. May 25, 2022)).[1]

In April 2021, Cecelia Mosher-Clarke ("Plaintiff") purchased a pair of Mighty Walk shoes, designed and manufactured by Defendant with VersoShock technology, on Amazon.com for $135. FAC ¶ 24. In making her purchase, Plaintiff alleges she relied on Defendant's website advertising materials and Amazon's product page. FAC ¶¶ 11-12, 24. After wearing the shoes "four days a week for fourteen hours per day" for two months, Plaintiff alleges she did not experience any pain relief. FAC ¶ 24. The FAC cuts and pastes twenty-one negative Amazon reviews of the Ion shoe model, which is also manufactured by Defendant and contains VersoShock technology. FAC n. 1, ¶ 16.

In August 2022, Plaintiff served a demand letter on Defendant, then filed suit in September 2022. FAC ¶ 111. Plaintiff's complaint, amended in February 2023, disavows relying on the theory that the UCLA Study does not substantiate Defendant's advertisements, but instead contends that Defendant's representations are false because "Defendant's Footwear cannot, and does not, provide pain relief." FAC ¶¶ 15, 20.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 9(b) imposes a heightened pleading standard where fraud is an essential element of a

---

[1] Complaint, *Fed. Trade Commn. v. Gravity Defyer Med. Tech. Corp.*, https://www.ftc.gov/system/files/ftc_gov/pdf/1923114GravityDefyerComplaintrev.pdf.

claim. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). A plaintiff must identify "the who, what, when, where, and how" of the alleged conduct, so as to provide defendants with sufficient information to defend against the charge. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. Rule 9(b).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). And even where facts are accepted as true, "a plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that he cannot prevail on his ... claim." *Weisbuch v. Cty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quotation omitted).

Even if the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

**III. DISCUSSION**

    **A. UCL, CLRA, FAL Claims**

Plaintiff's claims under California's Unfair Competition Law (UCL), False Advertising Law (FAL), and Consumer Legal Remedies Act (CLRA) are based on the theory that Defendant's representation that its shoes are clinically proven to provide pain relief is false because the shoes do not in fact provide such relief. FAC ¶¶ 5, 42, 43, 72. The UCL prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. To plead a claim under the "fraudulent" prong of the UCL, a

plaintiff must plausibly allege that the defendant's product claims are false or misleading. *Williams v. Gerber Prods., Co.*, 552 F.3d 934, 938 (9th Cir. 2008).  A plaintiff may establish falsity "by testing, scientific literature, or anecdotal evidence." *Nat'l Council Against Health Fraud Inc. v. King Bio Pharms. Inc.*, 107 Cal. App. 4th 1336, 1345-46 (2003).  The "unlawful" prong of the UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law.  *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000).

California's CLRA prohibits any "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer."  Cal. Civ. Code § 1770.  The FAL prohibits any "untrue or misleading" advertising.  Cal. Bus. & Prof. Code § 17500.

Because the parties now appear to agree that Plaintiff is not making a lack of substantiation claim, the Court need only address whether Plaintiff adequately alleges a cognizable fraud claim to satisfy *Iqbal* and the heightened pleading standard of Rule 9(b).   Opp. at 6 ("Plaintiff does not rely on a lack of substantiation to make her claims."); FAC ¶ 20 ("[T]he basis for Plaintiff's claims is not that Defendant's study fails to substantiate its representations do not provide pain relief. . . .").

   **i.** **Reliance**

The Court begins by discussing the requirement under the UCL, CLRA, and FAL that Plaintiff plead and prove reliance on the purported misstatements. *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1020 (9th Cir. 2020) ("[A] plaintiff must allege actual reliance in order to have standing to pursue UCL and FAL claims."); *see also Cohen v. DIRECTV, Inc.*, 178 Cal. App. 4th 966, 973 (2009) ("[T]here is no doubt that per the CLRA actual reliance must be established.") (internal brackets omitted).  And because the claims sound in fraud, Rule 9(b) applies and Plaintiff must provide "notice of the particular misconduct which is alleged to constitute the fraud charged so that [Defendant] can defend against the charge and not just deny that [it has] done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985); *Moore*, 966 F.3d at 1019 (finding that UCL, CLRA, and FAL claims must allege "the basic premise of what is false or

4

misleading about a statement, and why it is false") (citation and quotations omitted). Specifically, Rule 9(b) requires details concerning the "time, place, and content of representations" made by the defendant. *Semegen*, 780 F.2d at 731. The Ninth Circuit has held that the Rule 9(b) standard "does not require absolute particularity or a recital of the evidence." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016). In false advertising cases, courts assess "what specific representations [plaintiff] perceived on each purchased product, what she interpreted those representations to mean, and how those representations were false." *Romero v. Flowers Bakeries, LLC*, No. 14-CV-05189-BLF, 2015 WL 2125004, at *4 (N.D. Cal. May 6, 2015).

Defendant contends that Plaintiff's allegations fail under Rule 9(b) because she "neglects to provide any specifics as to the advertising Plaintiff might have, herself, reviewed or relied upon." Mot. at 14. Plaintiff responds that the FAC sets forth "the who, what, when, where, and how of the misconduct charged." Opp. at 8 (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)).

Accepting Plaintiff's allegations as true at the dismissal stage, the Court finds that Plaintiff has adequately pled reliance. While Plaintiff's FAC is not a paragon of clarity, Plaintiff alleges that she "consulted Defendant's website," specifically relying on the "clinically proven" and pain relief representations to make her purchase, and she includes screenshots of the specific parts of Defendant's webpage that contain the pain relief representations she asserts she relied on. FAC ¶¶ 11, 12, 24. This is enough at the pleading stage.

### ii. Falsity Allegations

UCL, CLRA, and FAL claims are all governed by the "reasonable consumer" test. *Williams*, 552 F.3d at 938. Thus, to state a claim, Plaintiff must plausibly plead that "members of the public are likely to be deceived." *Id.* (quotations and citations omitted). "'Likely to deceive' implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003). Rather, the test is whether "it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the

5

circumstances, could be misled." *Id.* "California courts . . . have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." *Williams*, 552 F.3d at 938.  It is a "rare situation" for a motion to dismiss UCL, CLRA, and FAL claims to be granted based on the reasonable consumer standard. *Id.* at 939.

Defendant argues that Plaintiff's anecdotal allegations do not "raise a right to relief above the speculative level." Mot. at 7 (citing *Twombly*, 550 U.S. at 570).  Plaintiff offers three forms of anecdotal allegations to support her falsity claim: (1) "her own experience with Defendant's Footwear," (2) the "experiences of many unsatisfied Amazon customers," and (3) "a scientific study and its controversial history." Opp. at 6.

On balance, the Court finds that this case does not present the rare situation in which granting a motion to dismiss UCL, CLRA, and FAL claims is appropriate.  First, the Court finds Plaintiff's personal experience to be valid anecdotal evidence of falsity. *Engel v. Novex Biotech LLC*, No. 14-CV-03457-MEJ, 2014 WL 5794608, at *4 (N.D. Cal. Nov. 6, 2014) (finding that the court may consider plaintiff's personal experience in assessing falsity allegations).  Plaintiff alleges that she "wore the shoes four days a week for fourteen hours per day" for two months and that "the shoes did not provide [Plaintiff] with any pain relief." FAC ¶ 24-25.[2]  Plaintiff also alleges that twenty-one one-star Amazon reviews for the Ion model are anecdotal evidence that the shoes did not provide the advertised pain relief.[3] FAC ¶16.  Third, Plaintiff confirms that she is not raising a lack of substantiation claim, arguing that she cites the UCLA study and FTC suit as

---

[2] Defendant suggests that "[m]any of the [customer] reviews additionally reference having followed the usage instructions delivered with the shoes," and argues that Plaintiff failed to wear the shoes in accordance with Gravity Defyer's website instructions. Mot. at 9.  This argument is not appropriate at the motion to dismiss stage. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1014 (9th Cir. 2018) (finding that "it is improper to [incorporate documents by reference] only to resolve factual disputes against the plaintiff's well-pled allegations in the complaint").  Defendant entirely fails to even try to explain why other parts of the website purportedly describing use instructions are properly considered under the incorporation by reference standard when the FAC does not cite them.

[3] Accepting Plaintiff's allegations as true, Defendant's assertion that there are "3,000 overwhelmingly positive reviews" of the shoes elsewhere on Amazon is also inappropriate on a motion to dismiss and is not well taken at this stage. *See* Reply at 4.  Additionally, Defendant's argument that the Amazon reviews are irrelevant because they concern a different model than the one Plaintiff purchased is unpersuasive because, as alleged, both shoes are represented to use the VersoShock technology.  FAC ¶ 13.

affirmative anecdotal evidence that Defendant's shoes do not provide pain relief. *See Locklin v. StriVectin Operating Co., Inc.*, No. 21-CV-07967-VC, 2022 WL 867248, at *4 (N.D. Cal. Mar. 23, 2022) (denying motion to dismiss because plaintiff did not assert the product label lacked substantiation, but instead contended that the label was "outright false"); *see also Bailey v. Rite Aid Corp.*, No. 18-CV-06926-YGR, 2019 WL 4260394, at *6 (N.D. Cal. Sept. 9, 2019) (denying motion to dismiss, in part, because defendant "misconstrue[d]" plaintiff's argument in that "[p]laintiff [did] not rely on lack of substantiation to make his claims," but instead "use[d] a scientific study as evidence in support of his allegation that the labeling of [defendant's product] misled consumers").

Accepting as true the complaint's well-pleaded factual allegations and making all factual inferences in Plaintiff's favor, the Court finds that Plaintiff adequately meets the *Iqbal* and Rule 9(b) standards. Plaintiff does not argue lack of substantiation, but rather alleges that Defendant's shoes do not provide the advertised pain relief. The allegation is supported by anecdotal evidence, including her personal experience, twenty-one other customer complaints, and the UCLA Study and subsequent FTC suit. *See Aloudi v. Intramedic Rsch. Grp., LLC*, No. 15-CV-00882-HSG, 2016 WL 1569981, at *3 (N.D. Cal. Apr. 19, 2016), *aff'd*, 729 F. App'x 514 (9th Cir. 2017) ("Plaintiff cannot rely *solely* on the FTC's allegations in a separate action to plead the falsity of Defendant's Product statements) (emphasis added). Whether the evidence will actually bear out Plaintiff's claims is a matter for summary judgment or trial. Accordingly, Plaintiff's UCL, CLRA, and FAL claims are sufficient to survive a motion to dismiss.

### B. Common Law Fraud Claim

Defendant argues, and Plaintiff agrees, that Plaintiff's claim for common law fraud rises and falls with its claims under the UCL, CLRA, and FAL. Mot. at 18; Opp. at 9. As discussed above in Section III(B)(i), Plaintiff sufficiently pleads falsity, meaning that this claim likewise survives.

### C. Song-Beverly Consumer Warranty Act Claim

The Song-Beverly Consumer Act creates an implied warranty of merchantability under which the seller guarantees that consumer goods (1) pass without objection in the trade under the

7

1  contract description; (2) are fit for the ordinary purposes for which such goods are used; (3) are
2  adequately contained, packaged, and labeled; and (4) conform to the promises or affirmations of
3  fact made on the container or label. *Isip v. Mercedes-Benz USA, LLC,* 155 Cal. App. 4th 19, 26
4  (2007) (citing Civ. Code, § 1791.1(a)). Section 1791 defines the term "consumer good" as "any
5  new product or part thereof that is used, bought, or leased for use primarily for personal, family, or
6  household purposes, *except for clothing* and consumables. 'Consumer goods' shall include new
7  and used *assistive devices* sold at retail." Cal. Civ. Code. 1791(a) (emphasis added). The Song-
8  Beverly Act states that "'[c]lothing' means any wearing apparel, worn for any purpose, including
9  under and outer garments, shoes, and accessories composed primarily of woven material, natural
10 or synthetic yarn, fiber, or leather or similar fabric." Cal. Civ. Code § 1791(c). And "'[a]ssistive
11 device' means any instrument, apparatus, or contrivance, including any component or part thereof
12 or accessory thereto, that is used or intended to be used, to assist an individual with a disability in
13 the mitigation or treatment of an injury or disease or to assist or affect or replace the structure or
14 any function of the body of an individual with a disability." Cal. Civ. Code § 1791(p).

15       Defendant argues that Plaintiff's claim under the Song-Beverly Consumer Warranty Act
16 fails "under the plain meaning of the statutory text" because the Act defines shoes as "clothing"
17 rather than "consumer goods." Mot. at 19. Plaintiff responds that Defendant's shoes qualify as
18 "consumer goods" because they are "assistive devices" under the statute. The Court agrees with
19 Defendant.

20       The Court finds that the statute's plain meaning compels a finding that as pled the shoes at
21 issue are "clothing" under the Song-Beverly Act. First, even shoes purportedly devised for
22 medical purposes are clothing under the statute because the act embraces clothing "worn for any
23 purpose." Cal. Civ. Code § 1791(c). The FAC also does not plausibly allege that the shoes
24 "assist" in the "mitigation or treatment" of any "injury or disease," or "assist" any bodily
25 "structure or function." *See* Cal. Civ. Code § 1791(p). And the Court has not found a case, and
26 Plaintiff does not cite any, that has found a shoe to be an "assistive device," whether or not it
27 purports to relieve pain. Accordingly, the Court finds that Plaintiff's Song-Beverly Act claim fails
28 as pled.

### D. Magnuson-Moss Warranty Act Claim

The Magnuson-Moss Warranty Act "provides a [federal] cause of action for express and implied warranty claims under state law." *Floyd v. Am. Honda Motor Co.*, 966 F.3d 1027, 1032 (9th Cir. 2020). Where a case is brought as a class action, there must be at least one hundred named plaintiffs for a district court to exercise jurisdiction over an MMWA claim. *Id.* In *Floyd*, the Ninth Circuit held that the Class Action Fairness Act, which grants district courts original jurisdiction over certain class actions, "may not be used to evade or override the MMWA's specific numerosity requirement." *Id.* at 1035; *see also Shoner v. Carrier Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022) ("[In *Floyd*], we clarified that a plaintiff asserting an MMWA class claim must name 100 class members in the complaint.").

There is only one named plaintiff in this case, so the Court finds that it does not have jurisdiction over Plaintiff's MMWA class claim. Plaintiff fails to allege the required one hundred named plaintiffs. *See* FAC ¶¶ 24, 26, 34; *see also* Opp. at 11-12. Plaintiff's cited precedent is not persuasive, as those cases predate *Floyd*. Opp. at 11-12. Accordingly, the Court need not determine whether Plaintiff's MMWA claim is substantively adequately pled, because it is dismissed on jurisdictional grounds. *See Ary v. Target Corp.*, No. 22-CV-02625-HSG, 2023 WL 2622142, at *5 (N.D. Cal. Mar. 23, 2023) (granting motion to dismiss MMWA claim because "there is only one named plaintiff in this action"); *see also Granato v. Apple Inc.*, No. 5:22-CV-02316-EJD, 2023 WL 4646038, at *3 (N.D. Cal. July 19, 2023) (remanding MMWA claim on this ground).

### E. Express Warranty Claim

"[W]hether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." *Williams*, 552 F.3d at 938 (citing *McKell v. Washington Mutual, Inc.*, 142 Cal.App.4th 1457, 1472 (Cal.App.2006)). "Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Cal. Com. Code § 2313(1)(b). To state a claim for breach of express warranty under California law, a plaintiff must prove that the seller (1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the

9

1    basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the

2    plaintiff.  Cal. Com. Code § 2313(1); *Williams v. Beechnut Nutrition Corp.*, 185 Cal.App.3d 135,

3    142, 229 Cal. Rptr. 605 (1986).  "It is not necessary to the creation of an express warranty that the

4    seller use formal words such as 'warrant' or 'guarantee' or that he have a specific intention to

5    make a warranty, but an affirmation merely of the value of the goods or a statement purporting to

6    be merely the seller's opinion or commendation of the goods does not create a warranty." Cal.

7    Com. Code § 2313(2).

8          The Court finds that Plaintiff adequately alleges an express warranty based on the claims

9    on Defendant's website that the Gravity Defyer shoes provide pain relief.  As discussed in Section

10   III(A), Plaintiff adequately alleges reliance on the website's representations that the shoes provide

11   pain relief.  FAC ¶¶ 12, 24.  Plaintiff alleges that she "would not have purchased the Footwear or

12   would have paid significantly less for it had she known the Footwear in fact did not provide relief

13   for knee pain, back pain, ankle pain, and foot pain," and that the shoes "did not provide [her] with

14   any pain relief."  FAC ¶ 24.  Accordingly, the Court denies Defendant's motion to dismiss as to

15   Plaintiff's claim for breach of an express warranty.[4]

16         **F.   Implied Warranty Claim**

17         As an initial matter, the basis for Plaintiff's two implied warranty counts is not entirely

18   clear.  Count IV cites the "Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 *et seq.*,

19   and Cal. Com. Code § 2314," which the FAC characterizes together as "the 'SB Act,'" as the basis

20   for Plaintiffs' claim that "every sale of consumer goods in California is accompanied by both a

21   manufacturer's and retail seller's implied warranty of fitness . . . ."  FAC ¶ 83.  But

22   notwithstanding this characterization, it appears that section 2314 and the Song-Beverly Act are

23   potentially independent bases for an implied warranty claim, not both components of the "SB

24   Act."  At least some courts have found that "[u]nlike the implied warranty under the Commercial

25   Code, there is no privity requirement under the Song–Beverly Warranty Act." *See In re Carrier*

---

[4] Defendant argues, and Plaintiff agrees, that Plaintiff's claim for breach of express warranty rises and falls with its claims under California consumer protection law.  Mot. 21; Opp. 13-14; Reply at 8-9.

*IQ, Inc.*, 78 F. Supp. 3d 1051, 1107 (N.D. Cal. 2015).  But regardless, as found above, to the extent Plaintiff's implied warranty claim arises under the Song-Beverly Act, it fails at the threshold because the shoes at issue are not plausibly alleged to be "consumer goods."[5]

And to the extent the claim is based on California Commercial Code Section 2314, the Ninth Circuit has held that under that statute a "plaintiff asserting breach of warranty claims must stand in vertical contractual privity with the defendant." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1021 (9th Cir. 2008) (citation omitted).  Plaintiff's argument that an exception "arises when the plaintiff relies on written labels or advertisements of a manufacturer" is inaccurate.  Opp. at 14 (citing *Clemens*, 534 F.3d at 1023). In stating the above rule, the Court in *Clemens* did not create any exception with respect to implied warranty claims.  And *Clemens* relied on *Burr v. Sherwin Williams Co.*, 42 Cal.2d 682, 696 (Cal.1954), which also held that the exception is only applicable to express warranties.  *See Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 854 (N.D. Cal. 2018) ("*Burr* thus clarifies that where representations are made by means of label or advertisements, the exception to privity is applicable only to express warranties and not implied ones.") (quotations omitted); *see also Moran v. Edgewell Pers. Care, LLC*, No. 21-CV-07669-RS, 2022 WL 3046906, at * 2 (N.D. Cal. Aug. 2, 2022) (holding that no privity exception applies to implied warranties because "the holding from the California Supreme Court in *Burr v. Sherwin Williams* that the privity exception only applies to express warranties has never been overruled").  Accordingly, the Court finds that Plaintiff's breach of implied warranty claim also fails because it does not plead vertical privity, to the extent it is based on Section 2314.

Finally, the breach of implied warranty claim in Count VII purports to rely entirely on the Uniform Commercial Code.  FAC ¶¶ 112-123.  Absent some clear authority from Plaintiffs, the Court declines to find that the consistent interpretation of California law as requiring vertical privity for a breach of implied warranty claim under Section 2314 somehow does not apply to their UCC-based claim.  Courts have applied the privity requirement equally to common law

---

[5] Because the Song-Beverly claim fails before the Court even needs to consider the privity question, it does not need to decide now whether it agrees with the conclusion reached by the *Carrier* court on that issue.

implied warranty claims not obviously founded on Section 2314.  *See, e.g., Hrapoff v. Hisamitsu Am., Inc.*, No. 21-CV-01943-JST, 2022 WL 2168076, at *5 (N.D. Cal. June 16, 2022); *Moran*, No. 21-CV-07669-RS, 2022 WL 3046906, at * 1-2.  The Court also notes that Section 2314 is "modeled on the UCC," *In re MyFord Touch Consumer Litig.*, 46 F.Supp.3d 936, 982 (N.D. Cal. 2014), further suggesting that the analysis applicable to Count IV and Count VII logically should be the same.

All of this is to say that Plaintiffs' implied warranty claims are needlessly murky as currently pled, all variants of these claims are dismissed, and if Plaintiffs choose to try to renew them in an amended complaint, they must be crystal-clear about the basis for the claims.

## IV.  CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss the Complaint.  The Court **GRANTS** the motion as to Plaintiff's claims for violation of the Song-Beverly Act, MMWA, and breach of implied warranty.  The Court **DENIES** Defendant's motion to dismiss Plaintiff's claims based on the UCL, CLRA, FAL, common-law fraud, and breach of express warranty.

At this stage in the litigation, the Court cannot say that amendment as to the Song-Beverly Act, MMWA, and implied warranty claims necessarily would be futile.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless the pleading could not possibly be cured by the allegation of other facts.") (quotation omitted).  Plaintiff may therefore file any amended complaint correcting the identified deficiencies within 21 days of the date of this order.

**IT IS SO ORDERED.**

Dated:   9/8/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

12